Helen F. Dalton & Associates, P.C.
Puja Sharma (PS 5933)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

FILED
CLERK

2016 JUL 11  PM 3: 45

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 16- 3848**

-------------------------------------------------------------------X

JORGE MALDONADO, JONATHAN BARAHONA, and
MAURICIO DIAZ, individually and on behalf of all others
similarly situated,

                             Plaintiffs,

      -against-

JOE'S COMPLETE TREE SERVICE, INC., and JOSEPH S.
MASSARO JR., an individual,

                           Defendants.

-------------------------------------------------------------------X

**COLLECTIVE ACTION
COMPLAINT**

JURY TRIAL
DEMANDED

**WEXLER, J.**

*TOMLINSON,* M.J.

1. Plaintiffs, **JORGE MALDONADO, JONATHAN BARAHONA, and MAURICIO
   DIAZ, individually and on behalf of all others similarly situated**, (hereinafter
   referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C.,
   alleges, upon personal knowledge as to himself and upon information and belief as to
   other matters, as follows:

   <u>**PRELIMINARY STATEMENT**</u>

2. Plaintiffs, **JORGE MALDONADO, JONATHAN BARAHONA, and MAURICIO
   DIAZ, individually and on behalf of all others similarly situated**, through
   undersigned counsel, brings this action against **JOE'S COMPLETE TREE
   SERVICE, INC., and JOSEPH S. MASSARO JR., an individual**, (hereinafter
   referred to as "Defendants"), to recover damages for egregious violations of state and
   federal wage and hour laws arising out of Plaintiffs' employment at JOE'S
   COMPLETE TREE SERVICE, INC., located at 15 Deer Park Boulevard, Deer Park,
   New York 11729.

3. Plaintiff **JORGE MALDONADO** was employed by Defendants from in or around 2004 until in or around March 2016.

4. Plaintiff **JONATHAN BARAHONA**was employed by Defendants from in or around March 2012 until in or around March 2016.

5. Plaintiff **MAURICIO DIAZ**was employed by Defendants from in or around June 2012 until in or around March 2016.

6. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00.  Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

8. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

11. Plaintiff JORGE MALDONADO resides at 18 Cornwall Lane, Hempstead, New York 11550, and was employed by Defendants at JOE'S COMPLETE TREE SERVICE, INC. from in or around 2004 until in or around March 2016.

12. Plaintiff JONATHAN BARAHONA resides at 54 Rensen Avenue, Hempstead, New York 11550, and was employed by Defendants at JOE'S COMPLETE TREE SERVICE, INC. from in or around March 2012 until in or around March 2016.

13. Plaintiff MAURICIO DIAZ resides at 54 Rensen Avenue, Hempstead, New York 11550 and was employed by Defendants at JOE'S COMPLETE TREE SERVICE, INC. from in or around June 2012 until in or around March 2016.

14. Upon information and belief, Defendant, JOE'S COMPLETE TREE SERVICE, INC., is a corporation organized under the laws of New York with a principal executive office at 15 Deer Park Boulevard, Deer Park, New York 11729 and at 182 West 6th Street, Deer Park, New York 11729.

15. Upon information and belief, Defendant, JOE'S COMPLETE TREE SERVICE, INC., is a corporation authorized to do business under the laws of New York.

16. Upon information and belief, Defendant JOSEPH S. MASSARO JR. owns and/or operates JOE'S COMPLETE TREE SERVICE, INC.

17. Upon information and belief, Defendant JOSEPH S. MASSARO JR. is the Chairman of the Board of JOE'S COMPLETE TREE SERVICE, INC.

18. Upon information and belief, Defendant JOSEPH S. MASSARO JR. is the Chief Executive Officer of JOE'S COMPLETE TREE SERVICE, INC.

19. Upon information and belief, Defendant JOSEPH S. MASSARO JR. is an agent of JOE'S COMPLETE TREE SERVICE, INC.

20. Upon information and belief, Defendant JOSEPH S. MASSARO JR. has power over personnel decisions at JOE'S COMPLETE TREE SERVICE, INC.

21. Upon information and belief, Defendant JOSEPH S. MASSARO JR. has power over payroll decisions at JOE'S COMPLETE TREE SERVICE, INC.

22. Defendant JOSEPH S. MASSARO JR. has the power to hire and fire employees at JOE'S COMPLETE TREE SERVICE, INC., establish and pay their wages, set their work schedule, and maintains their employment records.

23. During all relevant times herein, Defendant JOSEPH S. MASSARO JR. was Plaintiffs' employer within the meaning of the FLSA and NYLL.

24. On information and belief, JOE'S COMPLETE TREE SERVICE, INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

25. Plaintiff JORGE MALDONADO was employed by Defendants at JOE'S COMPLETE TREE SERVICE, INC. from in or around 2004 until in or around March 2016.

26. During Plaintiff JORGE MALDONADO'S employment by Defendants at JOE'S COMPLETE TREE SERVICE, INC., Plaintiff's primary duties were as a tree cutter and performing other miscellaneous duties from in or around 2004 until in or around March 2016.

27. Plaintiff JORGE MALDONADO was paid by Defendants approximately $200.00 per day from in or about July 2010 until in or around March 2016.

28. Although Plaintiff JORGE MALDONADO worked approximately seventy-two (72) hours or more per week during the period of his employment by Defendants from in or around 2004 until in or around March 2016, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

29. Defendants also failed to pay Plaintiff JORGE MALDONADO commission at 10% for each job performed wherein he provided estimates.

30. Plaintiff JONATHAN BARAHONA was employed by Defendants at JOE'S COMPLETE TREE SERVICE, INC. from in or around March 2012 until in or around March 2016.

31. During Plaintiff JONATHAN BARAHONA'S employment by Defendants at JOE'S COMPLETE TREE SERVICE, INC., Plaintiff's primary duties were as a tree cutter, and performing other miscellaneous duties from in or around March 2012 until in or around March 2016.

32. Plaintiff JONATHAN BARAHONA was paid by Defendants approximately $100.00 per day from in or about March 2012 until in or around March 2016.

33. Although Plaintiff JONATHAN BARAHONA worked approximately sixty (60) hours or more per week during the period of his employment by Defendants from in or around March 2012 until in or around March 2016, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

34. Plaintiff MAURICIO DIAZ was employed by Defendants at JOE'S COMPLETE TREE SERVICE, INC. from in or around June 2012 until in or around March 2016.

4.

35. During Plaintiff MAURICIO DIAZ' employment by Defendants at JOE'S COMPLETE TREE SERVICE, INC., Plaintiff's primary duties were as a tree cutter, and performing other miscellaneous duties from in or around June 2012 until in or around March 2016.

36. Plaintiff MAURICIO DIAZ was paid by Defendants approximately $100.00 per day from in or about June 2012 until in or around March 2016.

37. Although Plaintiff MAURICIO DIAZ worked approximately sixty (60) hours or more per week during the period of his employment by Defendants from in or around June 2012 until in or around March 2016, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

38. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

39. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

40. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

42. Collective Class: All persons who are or have been employed by the Defendants as tree cutters, yard workers, tree trimmers, laborers, cleaners, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices,

policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

43. Upon information and belief, Defendants employed between 10 and 15 employees within the past three years subjected to similar payment structures.

44. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

45. Defendants' unlawful conduct has been widespread, repeated, and consistent.

46. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

47. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

48. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

49. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

50. The claims of Plaintiffs are typical of the claims of the putative class.

51. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

52. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

53. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

54. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

55. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

56. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

57. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

58. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

59. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

60. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

61. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

62. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

63. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish and/or Portuguese (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

66. Defendants are liable to Plaintiff in the amount of $2,500.00 together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

67. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

68. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

69. Defendants are liable to Plaintiff in the amount of $2,500.00 together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

    a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

    b. Awarding Plaintiffs unpaid overtime wages;

    c. Awarding Plaintiffs unpaid minimum wages;

    d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e.   Awarding Plaintiffs prejudgment and post-judgment interest;

f.   Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

g.   Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 5th day of July of 2016.

Puja Sharma, Esq. (PS 5933)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JORGE MALDONADO, JONATHAN BARAHONA, and MAURICIO DIAZ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

JOE'S COMPLETE TREE SERVICE, INC., and JOSEPH S. MASSARO JR., an individual,

Defendants.

SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**JOE'S COMPLETE TREE SERVICE, INC.**
**15 DEER PARK BOULEVARD**
**DEER PARK, NY 11729**

**182 WEST 6TH STREET**
**DEER PARK, NY 11729**

**JOSEPH S. MASSARO JR.**
**15 DEER PARK BOULEVARD**
**DEER PARK, NY 11729**