UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JORGE MALDONADO, JONATHAN
BARAHONA, and MAURICIO DIAZ, individually
and on behalf of all others similarly situated,

                    Plaintiffs,

-against-

JOE'S COMPLETE TREE SERVICE, INC. and
JOSEPH S. MASSARO JR., an individual,

                    Defendants.
-----------------------------------------------------------------X

Case No. 16-cv-3848-LDW-AKT

SETTLEMENT AGREEMENT AND RELEASE

      WHEREAS, JORGE MALDONADO, JONATHAN BARAHONA, and MAURICIO DIAZ (collectively referred to as "Plaintiffs") commenced the above captioned action by the filing of a complaint in the United State District Court for the Eastern District of New York ("complaint") alleging claims for unpaid wages and notice and record-keeping violations under the Fair Labors Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the New York Labor Law ("NYLL") against JOE'S COMPLETE TREE SERVICE, INC. and JOSEPH S. MASSARO JR., an individual (collectively referred to as "Defendants");

      WHEREAS, Defendants timely Answered the Complaint denying Plaintiff's allegations and asserting defenses which Defendants continue to maintain;

      WHEREAS, without admitting or conceding any liability or damages whatsoever and without admitting that any overtime or other wages were improperly withheld, Plaintiff and Defendants have agreed to settle this case on the terms and conditions set forth in this Agreement to avoid the burden, expense and uncertainty of continued litigation.

      NOW, THEREFORE, in consideration of the mutual covenants and undertakings set forth herein, as well and the good and valuable consideration provided for herein, Plaintiff and Defendants agree as follows:

1.    **Release of Claims**  Plaintiffs, on behalf of themselves, their heirs, executors, administrators, successors and assigns, except as set forth herein, hereby remises, releases, acquits, satisfies and forever discharges Defendants, their present and former subsidiaries, parent companies, divisions, and affiliates, and respective insurers, representatives, officers, directors, shareholders, partners, joint ventures, independent contractors, agents, employees, attorneys, retirement benefit plans, welfare benefit plans and their heirs, executors, administrators, successors and assigns, with respect to any and all claims, actions, suits, obligations, demands, liabilities, costs, expenses and/or causes of action, whether known or unknown, and waives any and all claims, liabilities, obligations, promises, damages, costs, expenses (including attorney's fees and costs incurred) and/or rights which are contained in or related to those set forth in the complaint whether known or unknown, that they have or may have against Defendants as of the date of this

Agreement, including but not limited to, any alleged violation of any federal, state or local law, regulation, rule or ordinance which relates in any way to the payment of wages to Plaintiffs during their employment with Defendants, except claims for unemployment compensation and/or worker's compensation benefits. This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and does not release or discharge any claims that may occur after that date.

PLAINTIFFS FULLY UNDERSTAND THAT THEY ARE GIVING UP THEIR RIGHTS AGAINST DEFENDANTS, KNOWN OR UNKNOWN, AS DESCRIBED IN THIS AGREEMENT, AND SPECIFICALLY AGREE TO FILE THE STIPULATION AND PROPOSED ORDER OF DISMISSAL WITH PREJUDICE IN THE FORM ANNEXED HERETO AS EXHIBIT 1, SUBJECT TO (A) THE COURT'S APPROVAL OF THIS AGREEMENT; AND (B) COMPLIANCE WITH THE TERMS OF THIS AGREEMENT.

2. **Consideration** As set forth in Paragraph 1 of this Agreement and in consideration for executing this Agreement and the Stipulation and Order of Dismissal With Prejudice, Defendants will pay Plaintiffs the total sum of $40,000.00 ("Settlement Amount") representing payment to Plaintiffs of wages, liquidated damages costs and attorneys' fees as follows:

   a. Wages            $25,646.67
   b. Costs:           $ 1,020.00
   c. Attorneys' Fees: $13,333.33

3. **Payment** Payment of the Settlement Amount shall be made and delivered by Defendants' attorney, via Priority Mail, to Plaintiffs' attorney – Roman Avshalumov, Esq., Helen F. Dalton & Associates, P.C. 69-12 Austin Street Forest Hills, NY 11375 – no later than 10 business days after the issuance of (i) an Order by the Court approving this Agreement and (ii) receipt, from Plaintiff's Counsel, of the executed Stipulation and Order of Dismissal with Prejudice referred to in Paragraph 1 which Defendants' Counsel shall hold in escrow pending notification from Plaintiff's Counsel of receipt of the Settlement Amount. Upon receipt of notice of payment from Plaintiff's Counsel, Defendant's Counsel shall file the Stipulation of Discountenance with Prejudice without further notice.

   The Settlement Amount shall be paid as follows:

   a. one check made payable to "**JORGE MALDONADO**" in the sum of $12,646.67;

   b. one check made payable to "**JONATHAN BARAHONA**" in the sum of $6,500.00;

   c. one check made payable to "**MAURICIO DIAZ**" in the sum of $6,500.00; and

   d. one check made payable to "Helen F. Dalton & Associates, P.C." in the amount of $14,353.33.

4. **Responsibility for Taxes** It is understood by and among the parties that there are to be no deductions or withholdings for federal, state or local taxes from the amount set forth in Paragraph 3 to be paid to Plaintiffs and/or their attorneys. Defendants makes no representation, nor does it provide any guarantee or assurance, that the amount paid to Plaintiffs and/or their

counsel, pursuant to Paragraph 3 is not income to Plaintiffs as defined by the Internal Revenue Code.

In the event it is determined by an appropriate tax authority that there is any income tax due on any payment made to Plaintiffs and/or their counsel pursuant to this Agreement, Plaintiffs agrees that they will be solely responsible for the payment of all such income taxes applicable to the portion of said payment deemed income to them individually. Plaintiffs further agree to indemnify and hold Defendants harmless from all liabilities for not withholding the foregoing tax items from the payments to them and/or their attorneys and to pay Defendants costs, expenses and attorneys' fees incurred if such a claim is made against Defendants.

5. **Effective Date** The Effective Date of this Agreement is the date that the court approves this Agreement.

b. **Plaintiffs' Guarantees** As part of the consideration for payment of the amount set forth in Paragraph 2, as well as the acceptance of obligations set forth in the Agreement, Plaintiffs expressly acknowledge, guarantee and represents to Defendants that:

a. They have been fairly, competently and adequately represented by their attorneys – Helen F. Dalton & Associates, P.C. – and have consulted with their attorneys before signing this Agreement;

b. They are legally competent and duly authorized to execute this Agreement;

c. They have carefully read this Agreement and/or it has been read or explained to them in a language and a manner fully understandable to them and that they fully understand its meaning;

d. They are signing this Agreement, knowingly, voluntarily, and without any coercion or duress;

e. They have not assigned, pledged, or otherwise in any manner whatsoever sold, or otherwise transferred or pledged, either by instrument in writing or otherwise, any right, title, interest, or claim which they have or may have because of any claims, damages or otherwise as of the execution of this Agreement;

f. They are receiving benefits which would not otherwise be available to them but for this Agreement;

g. Their attorneys' fees including costs and disbursements, have been provided for in the Settlement amount specified herein; and

h. This Agreement, and the Settlement Amount are a fair and reasonable resolution of a bona fide dispute over the claims asserted in the Complaint and represents a full and complete settlement of all such claims.

6. **No Admission of Liability** By signing this Agreement, Defendants do not concede or admit that they have violated any law, statute, ordinance, compensation plan, benefit plan, contract, Agreement, and/or failed as to any duty or obligation whatsoever, and/or that it committed any tort or engaged in any wrongful conduct under any circumstances. Indeed, Defendants specifically

deny that they collectively or individually engaged in any such conduct including, but not limited to, those alleged in the Complaint herein. Defendants enter into the Agreement solely in the interest of avoiding additional costs which would result from further litigation.

7.  **Non-Disparagement** Plaintiffs and Defendants shall be prohibited from making any disparaging or calumnious statement of each other, in any forum or medium, including but not limited to social media, emails, blogs, newspaper and magazines, where such statements are not accurate.

8.  **Dismissal of Complaint and Waiver** For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiffs acknowledge, Plaintiffs agree: (a) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action by executing and filing the Stipulation and Order of Dismissal with Prejudice attached hereto as **Exhibit A**; and (b) not to re-file any of the causes of action set forth in the Pending Action. Plaintiffs agree that, with respect to any charges or complaints that have been or may be filed against the Releasees concerning events or actions set forth in or relating to those specified in the instant complaint, shall be waived and Plaintiffs release any right they may have to recover in any such lawsuit or proceeding brought by an administrative agency or other person on their behalf or which includes them in a class, including but not limited to any remedies alleged to be available to Plaintiffs, including but not limited to any liquidated damages or attorneys' fees.

10. **Notices** Where notice is required pursuant to this Agreement, it shall be made to Plaintiffs, c/o, Helen F. Dalton & Associates, P.C. 69-12 Austin Street Forest Hills, NY 11375; and to Defendants c/o Law Office of Ralph A. Somma 175 West Main Street, Suite One, Babylon, NY 11702.

11. **No Other Representations of Agreements** Defendants and Plaintiffs desire to enter into the Agreement and acknowledge that there are no other written or oral Agreements, understandings and/or representations made inconsistent with the terms herein set forth.

12. **Governing Law and Venue** This Agreement is to be construed and implemented under the laws of the State of New York. The parties hereto acknowledge that any dispute over the terms of this Agreement shall be heard in a court of competent jurisdiction in Suffolk County, New York and the parties expressly consent to the jurisdiction of such courts.

13. **Execution in Counterparts** The parties agree that this Agreement may be executed in counterparts, each of which shall be deemed to constitute an executed original. Signed counterparts transmitted by facsimile or by e-mail will be deemed to constitute an original.

14. **Ambiguities** Plaintiffs acknowledge that this agreement is the product of negotiation between their attorneys and Defendants' attorney. In the event it shall be determined that there is any ambiguity contained in this Agreement, said ambiguities shall not be construed against any party hereto because of such party's preparation of this Agreement.

15. **Entire Agreement and Severability** The parties agree that this Agreement may not be modified, altered, amended, or otherwise changed except upon written consent by each of the parties hereto. Should any provision of this Agreement be held invalid or unenforceable by a court of competent jurisdiction, the parties agree that the remaining provisions shall remain in full force and effect.

| | |
|---|---|
| **JORGE MALDONADO** | **JOE'S COMPLETE TREE SERVICE, INC.** |

*Jorge A Maldonado*
_____  
date

By: *[signature]* 2/01/2017
_____  
  Joseph S. Massaro, Jr., President  date

**JONATHAN BARAHONA**

*[signature]*
_____  
date

**JOSEPH S. MASSARO JR.**

*[signature]* 2/01/2017
_____  
date

**MAURICIO DIAZ**

*Mauricio Diaz*
_____  
date